UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDDIE L. BUSSEY,

                              Plaintiff,

       v.

ANDREW SAUL, Commissioner of
Social Security,

                              Defendant.

DECISION & ORDER

18-CV-6543-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Freddie L. Bussey ("Bussey") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits and Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States Magistrate Judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 17.)

## BACKGROUND

On November 18, 2014, Bussey protectively filed both a Title II application for a period of disability and a Title XVI application for supplemental security income alleging an onset date of February 9, 2013. The claim was denied initially on March 20, 2015. Thereafter, Bussey filed a written request for a hearing on March 31, 2015. Administrative Law Judge John P. Costello ("A.L.J.") held a hearing on March 28, 2017. Bussey appeared and testified in Rochester, New York, and was represented by Ida M. Comerford, Esq. The A.L.J. issued an unfavorable decision on

May 17, 2017. Bussey exhausted his administrative remedies, culminating in the Appeals Council denying Bussey's request for review, and the timely filing of this appeal.

## DISCUSSION

*Standard of Review*

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the Court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1)  whether the claimant is currently engaged in substantial gainful activity;

(2)  if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

### *The A.L.J.'s Decision*

In his decision, the A.L.J. followed the required five step analysis for evaluating disability claims. (R. 16. [1]) Under step one of the process, the A.L.J. found that Bussey had not engaged in substantial gainful activity since February 9, 2013, the application date. (R. 17.) At step two, the A.L.J. concluded that Bussey has the severe impairments of pancreatitis, depression, anxiety, chondromalacia bilateral patellae, history of alcohol dependence and obesity. (*Id*.) The A.L.J. determined Bussey's hepatitis C infection to be non-severe. (R. 18.) At step three, the A.L.J. determined that Bussey does not have an impairment (or combination of impairments) that meets or medically equals one of the listed impairments. (R. 18–19.) With respect to Bussey's mental impairments, the A.L.J. found that Bussey had

---

[1] Record of Proceedings, Jan. 2, 2019, ECF No.8.

no limitations with memory and had average intellectual functioning. (*Id.*) The A.L.J. further found that Bussey had moderate limitations with functioning around others. (*Id.*) The A.L.J. concluded that Bussey has the Residual Functional Capacity ("RFC") to perform medium work but limited to simple routine tasks and occasional interaction with supervisors, coworkers and the general public. (R. 19.) At steps four and five, the A.L.J. determined that Bussey was capable of performing his past relevant work as a packager, and as a composite of industrial and commercial cleaner. (R. 27.) The A.L.J. proceeded on to step five and also found that other jobs existed in the national and regional economy that Bussey could perform, in addition to those in which he already had experience. (R. 27.) Accordingly, the A.L.J. found that Bussey was not disabled. (R. 29.)

*Bussey's Contentions*

Bussey contends that the A.L.J.'s determination that he is not disabled is not supported by substantial evidence and is the product of legal error. Bussey claims that the A.L.J. erred in finding that the Plaintiff could perform medium work. (Pl.'s Mem. of Law at 13, April 10, 2019, ECF 11-1.) Next Bussey contends that the A.L.J. erred in evaluating the opinion of Dr. Reddy. (*Id.* at 17) Finally, Bussey maintains that the A.L.J. erred in failing to evaluate the plaintiff's Post Traumatic Stress Disorder ("PTSD") beyond step two of the five step analysis. (*Id.* at 22.)

## ANALYSIS

*The A.L.J.'s Finding that the Plaintiff could Perform Medium Work*

In his memorandum, Bussey argued that the A.L.J. erred finding that he could perform the full range of medium work. (*Id.* at 13–17.) The Commissioner countered

that the A.L.J.'s RFC finding was supported and that the A.L.J. correctly weighed the evidence of record. (Def.'s Mem. of Law at 5–8, Jun. 10, 2019, ECF 14.)

At the administrative level, the A.L.J. alone assesses RFC based on all relevant evidence of record, not just medical opinions. *See* 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate responsibility to determine a claimant's RFC rests solely with the A.L.J.); *accord Johnson v. Colvin*, 669 F. App'x 44, 46-47 (2d Cir. 2016) (citing 20 C.F.R. § 416.945(a)(3) (explaining that an A.L.J. looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the claimant when assessing an applicant's RFC). Should an A.L.J. give only little weight to all the medical opinions of record, the A.L.J. creates an evidentiary gap that warrants remand. *See Defrancesco v. Berryhill*, No. 16-CV-6575-FPG, 2017 WL 4769004, at *4 (W.D.N.Y. Oct. 23, 2017); *Pryn v. Berryhill,* No. 16-CV-315-FPG, 2017 WL 1546479, at *4 (W.D.N.Y. May 1, 2017) (giving little weight to the only opinion of record "created an evidentiary gap that requires remand"); *Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the A.L.J.'s rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained <u>no</u> competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original). However, the RFC need not correspond to any particular medical opinion; rather, the A.L.J. weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (Summ. Order).

Here, substantial evidence supports the A.L.J.'s RFC finding despite the lack of correspondence to a particular medical opinion because his RFC finding relied on all of the evidence of record. *See Monroe v. Colvin,* 676 F. App'x 5, 8–9 (2d Cir. 2017) (Summ. Order) (substantial evidence supports the A.L.J.'s RFC for unskilled work, despite a lack of supportive functional assessment from a medical source; that evidence included objective examination findings and Plaintiff's activities of daily living); *Currie v. Comm'r of Soc. Sec.,* No. 17-CV-602-MAT, 2018 WL 5023606, 3. (W.D.N.Y. Oct. 17, 2018) ("Simply because the A.L.J. afford[s] no single opinion controlling weight does not mean . . . that she substitute[s] her own expertise of the medical proof for medical opinion."). In finding that Bussey could perform a full range of medium work (with the exception of some mental limitations), the A.L.J. said that he "considered all [of Bussey's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" (R. 19.) The A.L.J.'s finding that Bussey could perform medium work is was not erroneous.

### *The A.L.J.'s Assessment of Dr. Reddy's Opinion*

Bussey contends that the A.L.J. erred in evaluating the opinion of Dr. Reddy. (Pl.'s Mem. of Law 17.) The A.L.J. only gave "partial weight" to Dr. Prakash Reddy's opinion. (R. 25.) The A.L.J. explained which parts of Dr. Reddy's opinion he found to be well-supported by objective evidence and otherwise consistent with the other evidence of record, and where he found that it fell short of that regulatory standard (R. 25; *see also* 20 C.F.R. § 404.1527(c)(2)–(4) (opinions—even from treating sources—

7

that are not well-supported by objective evidence and diagnostic testing or are otherwise inconsistent with the other evidence of record deserve less weight)).

Given the conflicting opinions present in this case, it was reasonable for the A.L.J. to give great weight to aspects of different providers' opinions that were consistent with one-another and were also consistent with the other evidence of record. *See* 20 C.F.R. § 404.1527(c)(4) (medical opinions that are consistent with other evidence of record deserve greater weight). Likewise, he was justified in giving less weight to aspects of the opinions that were unsupported by and inconsistent with the treatment and examination notes of record, such as Dr. Harding's opinion that Plaintiff had no severe mental health impairments and Dr. Reddy's opinion that Plaintiff would be off-task 25 percent of the workday and would miss more than four days of work each month. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (Summ. Order) (when there is conflicting evidence in the record, the court should defer to the A.L.J.'s resolution of it "and accept the weight assigned to the inconsistent opinions as a proper exercise of the A.L.J.'s discretion"); *Woodmancy v. Colvin*, 577 F. App'x 72, 75 (2d Cir. 2014). The A.L.J. properly evaluated the opinion of Dr. Reddy and properly gave it only partial weight due to its inconsistency with the rest of the record.

### *C. Post-Traumatic Stress Disorder Considerations*

Bussey maintains that the A.L.J. erred in failing to evaluate his PTSD beyond step two of the five step analysis. (Pl.'s Mem. of Law at 22.) At step two of the evaluation, the A.L.J. must determine whether the claimant has a "severe impairment" that "significantly limits [the claimant's] physical or mental ability to

8

do basic work activities." 20 C.F.R. 404.1520(a)(4)(ii), & (c). "An impairment or combination of impairments is 'not severe' when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have at most a minimal effect on an individual's ability to perform basic work activities." *Jeffords v. Astrue*, No. 11-CV-620S, 2012 WL 3860800, *3 (W.D.N.Y. Sept. 5, 2012) (quoting *Ahern v. Astrue*, No. 09-CV-5543 (JFB), 2011 WL 1113534, *8 (E.D.N.Y. Mar. 24, 2011)); *see also Schifano v. Astrue*, No. 12-CV-484S, 2013 WL 2898058, *3 (W.D.N.Y. Jun. 13, 2013) ("[a]n impairment is severe if it causes more than a *de minimus* limitation to a claimant's physical or mental ability to do basic work activities"). As a general matter, an error in an A.L.J.'s severity assessment with regard to a given impairment is harmless . . . 'when it is clear that the A.L.J. considered the claimant's [impairments] and their effect on his or her ability to work during the balance of the sequential evaluation process.'" *Graves v. Astrue* No. 11-CV-6519 (MAT), 2012 WL 4754740, at *9 (W.D.N.Y. Oct. 4, 2012) (alteration in original) (quoting *Zenzel v. Astrue*, 993 F. Supp. 2d 146, 154 (N.D.N.Y. 2012)) (citing *McCartney v. Comm'r of Social Sec.*, No. 07–1572, 2009 WL 1323578, at *15 (W.D. Pa. 2012)).

Plaintiff argues that the A.L.J. erred because he did not specifically address Plaintiff's PTSD at step two of the sequential evaluation and otherwise "completely ignored this diagnosis throughout the determination." (Pl.'s Mem. of Law at 22–23.) Although PTSD was recently reclassified from an anxiety-related disorder (under the Diagnostic and Statistical Manual of Mental Disorders ("DSM") IV) to a

9

stress/trauma-related disorder (under DSM V), it still manifests through symptoms of depression and anxiety. *See* The Mayo Clinic, *Post-traumatic stress disorder (PTSD)*, at https://www.mayoclinic.org/diseases-conditions/post-traumatic-stress-disorder/diagnosis-treatment/drc-20355973 (Last visited March 2, 2020) (noting that PTSD is treated by addressing its related disorders—depression, anxiety, and alcohol and drug abuse—including with antidepressant and anti-anxiety medications). "Changes to the diagnostic criteria from the *DSM-IV* to *DSM-5* include: the relocation of PTSD from the anxiety disorders category to a new diagnostic category named 'Trauma and Stressor-related Disorders.'" Anushka Pai, *et. al*, *Posttraumatic Stress Disorder in the DSM-5: Controversy, Change, and Conceptual Considerations*, Behav. Sci. (Mar. 2017), *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5371751/ (last accessed March 1, 2020). PTSD is not entirely divorced from the impairment of anxiety, an impairment the A.L.J. found to be severe. Here, the A.L.J. did address the depression and anxiety symptoms Bussey experienced as part of his PTSD, and adequately accounted for it in his RFC finding. Furthermore, even if the A.L.J. should have assessed PTSD as a separate severe impairment, a remand is not warranted. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (where an A.L.J. proceeds past step two and considers the effects of all of a claimant's impairments through the remainder of the sequential evaluation process, any purported error at step two is harmless); *Stanton v. Astrue*, 370 F. App'x 231, 233 n.1 (2d Cir. 2010) (Summ. Order) (alleged errors at step two are harmless as long as the

A.L.J. continues with the sequential analysis.) Therefore, the A.L.J. did not err in evaluating Bussey's PTSD.

## CONCLUSION

After a careful review of the entire record, the Court finds that the Commissioner's denial of Disability Insurance Benefits and Supplemental Security Income was based on substantial evidence and was not erroneous as a matter of law. Accordingly, the A.L.J.'s decision is affirmed. For the reasons stated above, the Court grants the Commissioner's motion for judgment on the pleadings (ECF No. 14), and denies Bussey's motion for judgment on the pleadings (ECF No. 11). The Clerk will enter judgment for the Commissioner and close this case.

IT IS SO ORDERED.

/s/ Mark W. Pedersen
MARK. W. PEDERSEN
United States Magistrate Judge

Dated:  March 3, 2020
        Rochester, New York